WILCOX
*vs.*
BUNDY.

## WILCOX *vs.* BUNDY.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

In dissolving an injunction, not more than 20 per cent. damages can be
allowed, unless damages to a greater amount *be proved.* It is not suffi-
cient to add fifty dollars to the damages, as counsel fees, which the party
will have to pay.

The plaintiff obtained an injunction to stay the execution
of a judgment which Bundy had obtained against him,
amounting to three hundred and eighty-nine dollars, on the
ground that Madame M'Dougall agreed to loan him the
money to pay off the judgment, if the creditor would sub-
rogate her to all his rights against his debtor, which he
refused, except to give a simple receipt. The plaintiff in
injunction, went before a notary and offered to comply with
his proposition, but the creditor by his counsel and agent,
refused to give a receipt, pursuant to the requirements of the
Louisiana Code, article 2156, and ordered the sheriff to seize
and sell property.

The defendant averred, that the petition of injunction set
forth no cause of action, and prayed that it be dissolved with
all damages and costs against the principal and surety *in
solido.*

On the trial, it was admitted the controversy turned upon
the construction of articles 2156, 2163–4, of the Louisiana
Code.

That the plaintiff offered to pay the money and the
defendant offered to give a simple receipt. The plaintiff

wanted the receipt to set forth that the money was borrowed from Madame M'Dougall, agreeably to article 2156, of the code, which the defendant refused. Whereupon the plaintiff sued out his injunction.

EASTERN DIST.
*April,* 1839.

WILCOX
*vs.*
BUNDY.

On hearing the parties, the parish judge dissolved the injunction, with ten per cent. interest, twenty per cent. damages, and fifty dollars counsel fee, which the party would have to pay. The plaintiff in injunction appealed.

*Barker,* for the plaintiff, insisted that the tender of payment on the terms stated, in the presence of the notary, was sufficient to put the adverse party in default, and that it was all he could ask. The law subrogated the person advancing the money to all the rights of the creditor. *Louisiana Code, articles* 2156, 2163–4.

*Roselius,* for the defendant, prayed for the affirmance of the judgment, with damages, as for a frivolous appeal.

*Eustis, J.,* delivered the opinion of the court.

On dissolving an injunction in this case, the judge condemned the plaintiff and his surety to pay twenty per cent. damages, ten per cent. interest, and fifty dollars counsel fees, which it was proved the defendant would be obliged to pay in consequence of the injunction obtained by the plaintiff.

The law of the 25th of March, 1831, provides, that in case the injunction be dissolved, the court, in the same judgment, shall condemn the plaintiff and surety jointly and severally, to pay to the defendant, interest at the rate of ten per cent. per annum, on the amount of the judgment, and not more than twenty per cent. as damages, unless damages to a greater amount be proved. It does not appear that any proof was administered, except as to the counsel fees. If a greater sum than twenty per cent. was allowed, proof of damages to a sum exceeding that amount should have been made under the statute. The sum of fifty dollars, is, therefore, disallowed. The judgment is therefore reversed, so far as relates to that sum, and confirmed as to the residue : the

In dissolving an injunction, not more than twenty per cent. damages can be allowed, unless damages to a greater amount *be proved.* It is not sufficient to add fifty dollars to the damages as counsel fees, which the party will have to pay.