BOYCE<br>v.<br>ESCOFFIE.

---

## FARRAR *v.* THE NEW ORLEANS GAS LIGHT AND BANKING COMPANY.

Sec. 29 of the stat. of 1 April, 1835, incorporating the New Orleans Gas Light and Banking Company, authorized any married women of age to bind herself and her property, in any hypothecary contract lawfully entered into by the husband with the bank, as a surety for the debt due by the husband to the bank.

FARRAR
v.
NEW ORLEANS
GAS LIGHT
AND BANKING
COMPANY.

Under sec: 3 of the stat. of 25 March, 1831, fees of counsel may be allowed to the defendant on dissolving an injunction, without proof of their having been actually paid by him, where they do not exceed twenty per cent on the amount of the judgment enjoined, and no other damages are allowed.

APPEAL from the District Court of Rapides. *Campbell*, J. *Thomas* and *Flint*, for the appellant. *Dunbar*, *Hyams*, and *Elgee*, for the defendants. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action in which the plaintiff, a married woman, seeks to annul a mortgage given by her to the defendants, on the ground that she bound herself merely as the surety of her husband, the debt being his, and not being due by her, nor having inured to her benefit. There was judgme nt for the defendants, and the plaintiff has appealed.

The debt for which the mortgage was given was a debt due by the husband to the bank, and under its charter the wife could bind her property by mort-gage, as a security for its payment. The 29th section of the charter auth*r*ises married women of age to bind themselves and their property, in all hypotheca-ry contracts lawfully entered into by husbands with the bank. This section is similar, in respect to the authorization of married women arrived at the age of majority, to the thirty-second section of the charter of the Bank of Louisiana, which was considered by this court in relation to the effect of article 2412 of the Code, which prohibits the wife from being the security of the husband. *Bank of Louisiana* v. *Farrar et ux.* 1 Ann. R. 49. The opinion then given we con-sider as deciding this case. But, independent of that decision, the plaintiff's case is by no means as strong as that which she presented on the former occa-sion. for the charter of the Gas Bank was passed in 1835, ten years after the promulgation of the Code. The plaintiffs insists that there is error in the judg-ment of the District Court, in allowing $500, special damages, for counsel fees ; but under the construction we have given to the act authorising courts to assess damages on the dissolution of injunctions, we think the allowance ought to be sustained, as it is much less than the maximum which the court had a right to assess. *Wilcox* v. *Bundy*, 13 La. 380. *Brown* v. *Lambeth et al. ante* p. 822.

*Judgment affirmed.*